[Cite as *Lytle v. Mathew*, 2017-Ohio-1447.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104622**

# CAROL LYTLE, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# SHILA MATHEW, M.D., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-857637

**BEFORE:**  Kilbane, P.J., Stewart, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  April 20, 2017

**ATTORNEYS FOR APPELLANT**

Mark E. Owens
Natalie F. Grubb
Grubb & Associates, L.P.A.
437 W. Lafayette Road, Suite 260-A
Medina, Ohio 44256

**ATTORNEYS FOR APPELLEES**

**For Kaiser Foundation Health Plan of Ohio,
Ohio Permanente Medical Group, and
Shila Mathew, M.D.**

Jeffrey W. Van Wagner
Jennifer R. Becker
Bonezzi, Switzer, Polito & Hupp Co.
1300 East 9th Street, Suite 1950
Cleveland, Ohio 44114

**For Konstantin Kuschnir, M.D. and
Brunswick Orthopedics, Inc.**

Thomas B. Kilbane
Michelle J. Sheehan
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115

**For Discount Drug Mart, Inc.**

Patrick S. Corrigan
55 Public Square, Suite 930
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Plaintiffs-appellants, Carol Lytle ("Carol") and the estate of Tracy Lytle ("Tracy") (collectively referred to as "plaintiffs"), appeal from the trial court's decision granting defendants-appellees, Dr. Shila Mathew, M.D., Kaiser Foundation Health Plan of Ohio, Ohio Permanente Medical Group, Inc., Dr. Konstantin Kuschnir, M.D., Brunswick Orthopedics, Inc., and Discount Drug Mart, Inc.'s (collectively referred to as "defendants"), motion to disqualify plaintiffs' attorney, Natalie Grubb ("Grubb") and her law firm. For the reasons set forth below, we affirm.

{¶2} The instant case was previously filed by the plaintiffs in Summit County Common Pleas Court, *Lytle v. Matthew*, Summit C.P. No. CV-12-02-0809. Carol, as Tracy's mother and as administrator of Tracy's estate, brought a wrongful death complaint against defendants, alleging that Tracy's death was the proximate result of the defendants' negligent failure to ensure that the medications prescribed to her did not pose a high risk of a negative drug interaction. Additionally, Carol asserted that Discount Drug Mart, Inc. ("Discount Drug Mart") was negligent in failing to follow proper protocols in dispensing Tracy's medication. *Lytle v. Mathew*, 9th Dist. Summit No. 26932, 2014-Ohio-1606, ¶ 3.

{¶3} In 2004, Tracy was injured in an automobile accident while in the course and scope of her employment. The injuries required her to receive medical and psychological treatment from various medical professionals. Tracy received temporary total disability benefits from the Bureau of Workers' Compensation ("BWC") related to her injuries.

Grubb represented Tracy in her claim for BWC benefits. In February 2010, Tracy passed away from a heart attack. She was 37 years old. Prior to her death, Tracy and Grubb were under investigation for Workers' Compensation fraud. It was contended that Tracy was working for Grubb and receiving payments from Grubb while contemporaneously receiving BWC benefits. *Id.* at ¶ 2. In her January 2010 interview with the BWC Special Investigations Department, Tracy admitted that she worked for and was paid by Grubb and Grubb's law firm from December 2005–December 2007. Tracy stated that Grubb contacted her in regard to working at the law office and that she was reluctant to do so. Grubb informed Tracy that the BWC could not question why she was at her office because Grubb represents her on the claim. Tracy further stated that Grubb coached her on what to say if she was ever approached by the BWC.

{¶4} Defendants sought to depose Grubb and obtain certain documents from her related to Tracy's employment at her law firm. Defendants wanted to explore the possibility that stress from Tracy's involvement in the BWC fraud investigation caused or contributed to her death. Defendants' issued a subpoena directing that Grubb bring with her to the deposition "'[a]ny and [a]ll records of employment of [Tracy] and any and all cancelled checks, bank ledgers, bank statements, or any other documents that relate to compensation to [Tracy] from Natalie F. Grubb or Grubb & Associates, LPA.'" *Id.* at ¶ 4.

{¶5} Grubb filed a motion to quash the subpoena and a motion for a protective order. The motion asserted both that the materials sought to be obtained were irrelevant

and that Grubb's conversations were protected by attorney-client privilege. Defendants opposed the motion maintaining that the subpoena was reasonably calculated to lead to the discovery of admissible evidence and that the crime-fraud exception to the attorney-client privilege applied. After a hearing and reviewing supplemental exhibits by Discount Drug Mart, the trial court found the material was relevant and that the crime-fraud exception to the attorney-client privilege applied. As a result, the court found that the conversations between Grubb and Tracy in furtherance of the crime or fraud were not privileged. *Id.* at ¶ 5. Grubb appealed from this order to the Ninth District Court of Appeals in *Lytle*, 9th Dist. Summit No. 26932, 2014-Ohio-1606.

{¶6} On appeal, the court found that the trial court erred in issuing its ruling prior to giving Grubb the opportunity to respond to Discount Drug Mart's submission of supplemental exhibits. *Id.* at ¶ 16. Following the remand of the Ninth District Court of Appeals, defendants deposed Grubb and filed a joint motion to disqualify Grubb as counsel. The trial court held its ruling on the motion in abeyance pending its hearing with the plaintiffs. The plaintiffs appealed from this order in *Lytle v. Mathew*, 9th Dist. Summit No. 27587. The appeal was dismissed by the Ninth District Court of Appeals for lack of a final appealable order. *Id.* On remand, plaintiffs voluntarily dismissed the case, without prejudice.

{¶7} In January 2016, plaintiffs filed the instant case against defendants in Cuyahoga County Common Pleas Court, *Lytle v. Mathew*, Cuyahoga C.P. No. CV-16-857637. Plaintiffs brought forth the same wrongful death cause of action against

defendants, a negligence action against Discount Drug Mart, and an intentional tortious conduct action against all defendants. Plaintiffs allege defendants are responsible for Tracy's death because Tracy's treating physicians over-prescribed medication or failed to prevent potential deadly drug interactions. Plaintiffs further allege that Discount Drug Mart negligently filled the prescriptions.

{¶8} In May 2016, defendants filed a joint motion to disqualify Grubb based on the same evidence and arguments in the Summit County Case. Plaintiffs filed a brief in opposition to defendants' motion. The trial court granted defendants' motion to disqualify in June 2016. The trial court found

> [s]ufficient evidence from defendants' joint motion, plaintiffs' brief in opposition, defendants' joint reply, and the exhibits attached thereto, to determine that no exception to the disciplinary rules applies to protect Attorney [Grubb] and her law firm from disqualification as counsel in this matter. Prof.Cond.R. 3.7. See also, *Landzberg v. 10630 Berea Road, Inc.*, 8th Dist. Cuyahoga No. 79574, 2002 Ohio App. LEXIS 1085, *13-14 (March 14, 2002), citing *Univ. Carnegie Med. Partners Assn. v. Weiss & Kramer, Inc.*, 8th Dist. Cuyahoga No. 65422, 1994 Ohio App. LEXIS 269 (Jun. 23, 1994). Therefore, Attorney [Grubb] and her law firm of Grubb & Associates, LPA, shall be disqualified as plaintiffs' counsel and not permitted to proceed in this litigation.
>
> Plaintiffs are granted 30 days to retain new counsel; new counsel shall file a notice of appearance with this court.

{¶9} It is from this order that the plaintiffs appeal, raising the following single assignment of error for review.

Assignment of Error

> The trial court erred and abused its discretion in disqualifying [Grubb] and her entire law firm without making any express determination that the purported testimony to be elicited is material to resolution of an *issue*

*actually being litigated*, is *unobtainable elsewhere* and is *prejudicial to the appellants*; the court made no express determination that [Grubb's] proposed testimony is *"necessary."*

(Emphasis sic.)

{¶10} Plaintiffs contend that the trial court erred when it granted defendants' motion to disqualify because Grubb is not a necessary witness and her testimony regarding the BWC fraud investigation and Tracy's employment with Grubb is not material to the issues being litigated in the matter before us.  She further argues that her testimony is protected by the attorney-client privilege, her disqualification will cause a substantial hardship on plaintiffs, and there is no personal interest conflict under Prof.Cond.R. 1.7.

{¶11} In reviewing a trial court's decision to disqualify a party's counsel, we apply an abuse of discretion standard.  *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426, 1995-Ohio-85, 650 N.E.2d 869, citing *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 501 N.E.2d 617 (1986); *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 510 N.E.2d 379 (1987).  "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"  (Citations omitted.)  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶12} We are mindful that "[d]isqualification of an attorney is a drastic measure, which should not be imposed unless absolutely necessary."  *Quiros v. Morales*, 8th Dist.

Cuyahoga No. 894274, 2007-Ohio-5442, ¶ 15; *Roth v. Roth*, 8th Dist. Cuyahoga No. 89141, 2008-Ohio-927, ¶ 70. Disqualification interferes with a client's right to choose counsel. *Kala v. Aluminum Smelting & Ref. Co.*, 81 Ohio St.3d 1, 5-6, 1998-Ohio-439, 688 N.E.2d 258, citing *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222 (6th Cir.1988); *A.B.B. Sanitec W., Inc. v. Weinsten*, 8th Dist. Cuyahoga No. 88258, 2007-Ohio-2116.

{¶13} Moreover, "'[w]hile motions to disqualify may be legitimate and necessary under certain circumstances, they "should be viewed with extreme caution for they can be misused as techniques of harassment."'" *Cliffs Sales Co. v. Am. S.S. Co.*, N.D. Ohio No. 1:07-CV-485, 2007 U.S. Dist. LEXIS 74342, at *7 (Oct. 4, 2007), quoting *SST Castings, Inc. v. Amana Appliances, Inc.*, 250 F.Supp.2d 863, 865-866 (S.D.Ohio 2002), citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir.1982). "It is the burden of the party moving for disqualification of an attorney to demonstrate that * * * disqualification is necessary." *Id.*, citing *Mentor Lagoons v. Teague*, 71 Ohio App.3d 719, 595 N.E.2d 392 (11th Dist.1991).

{¶14} Pursuant to Prof.Cond.R. 3.7:

A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

(3) the disqualification of the lawyer would work *substantial* hardship on the client.

(Emphasis sic.)

**{¶15}** The official comments to the rule state, in relevant part, that

[4] (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must_ be given to the effect of disqualification on the lawyer's client._

**{¶16}** In *Gonzalez-Estrada v. Glancy*, 8th Dist. Cuyahoga No. 104570, 2017-Ohio-538, ¶ 12, we recently stated:

A necessary witness under Prof.Cond.R. 3.7 is one whose testimony must be admissible and unobtainable through other trial witnesses. *King v. Pattison*, 5th Dist. Muskingum No. CT2013-0010, 2013-Ohio-4665, citing *Popa Land Co., Ltd. v. Fragnoli*, 9th Dist. Medina No. 08CA0062-M, 2009-Ohio-1299, ¶ 15.

> Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. * * * A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony.

*Cty. Risk Sharing Auth. v. Robson*, 5th Dist. Licking No. 15-CA-62, 2016-Ohio-1460, ¶ 22, quoting *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409, ¶ 19 (9th Dist.).

**{¶17}** In its judgment entry disqualifying Grubb and her law firm as plaintiff's counsel, the trial court determined that no exception to Prof.Cond.R. 3.7 applied. We agree. Grubb's testimony is necessary to defendants' theory that the stress of the

criminal BWC fraud investigation was one of the factors that contributed to the cause of Tracy's death.

{¶18} Grubb testified during her deposition that she does not know: (1) why the checks were made payable to Tracy; (2) if the checks were executed by Tracy; (3) who signed the checks on behalf of her law firm; or (4) whether Tracy forged Grubb's signature. She also claims that she did not have any conversations with Tracy regarding the BWC investigation.

{¶19} Defendants correctly maintain that Grubb's testimony is necessary and cannot be obtained elsewhere. Grubb's position as the principal of her law firm and her knowledge of and role in the BWC investigation of Tracy renders her testimony at trial necessary. Grubb is the only person who can explain her signature on the checks made payable to Lytle by Grubb, and any conversations with Lytle regarding the BWC fraud investigation.

{¶20} Grubb's testimony in the instant case is not protected by the attorney-client privilege. The Ohio Supreme Court has held that the attorney-client privilege does not attach to conversations with clients that relate "'to some future unlawful or fraudulent transaction. Advice sought and rendered in this regard is not worthy of protection, and the principles upon which the attorney-client privilege is founded do not dictate otherwise.'" *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 27, quoting *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 661, 635 N.E.2d 331 (1994). This crime-fraud exception is

established by demonstrating that there is a factual basis for a showing of probable cause to believe that a crime or fraud has been committed and that the communications were in furtherance of the crime or fraud. *State ex rel. Nix v. Cleveland*, 83 Ohio St.3d 379, 384, 700 N.E.2d 12 (1998), citing *United States v. Jacobs*, 117 F.3d 82 (2d Cir.1997). Here, Tracy signed a written statement to the BWC Fraud Investigators admitting that she worked for Grubb while receiving BWC benefits. Both Tracy's admission to the BWC fraud investigators and Grubb's conviction for complicity to commit workers compensation fraud, demonstrate a factual basis that communications between Grubb and Tracy were in furtherance of a fraud or crime and the communications are not privileged under the crime-fraud exception.[1]

**{¶21}** Plaintiffs also contend that Grubb's disqualification will cause them a substantial hardship. In order to establish that Grubb's disqualification would cause the plaintiffs a substantial hardship, Grubb must demonstrate "some proof of specialized expertise." *155 N. High, Ltd.*, 72 Ohio St.3d at 429, 1995-Ohio-85, 650 N.E.2d 869 (where the Ohio Supreme Court found it appropriate to place the burden on the attorney seeking to continue representation to prove distinctiveness); *Mentor Lagoons, Inc.*, 71 Ohio App.3d 719, 595 N.E.2d 392 (11th Dist.1991). Here, Grubb did not present any

---

[1]As Grubb mentions in her appellate brief, she pled guilty in another county to complicity to commit fraud — a misdemeanor violation. Grubb's conviction was later expunged. We note that the expungement of the record "'does not literally obliterate the criminal record.'" *In re Niehaus*, 62 Ohio App.3d 89, 96, 574 N.E.2d 1104 (10th Dist.1989), quoting *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 378, 421 N.E.2d 1303 (1989). Expunged records can be considered in professional licensing issues. *Id.*

evidence of specialized expertise. Additionally, the case has been refiled from Summit County so new counsel could have an opportunity to be involved early in the course of litigation.

{¶22} Plaintiffs further contend that neither Grubb nor the other attorney in Grubb's law firm have a "personal interest" conflict under Prof.Cond.R. 1.7 because her criminal case is concluded, the conviction has been expunged and the criminal record is sealed and her disciplinary case has been concluded.

{¶23} Prof.Cond.R. 1.7 provides that a lawyer may be required to stop representing a client if there is a substantial risk that the lawyer's ability to "consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's * * * own personal interests." "Depending on the circumstances, a lawyer's personal interest in testifying truthfully when called to do so under oath could create a conflict of interest with his client." *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409 (9th Dist.). Prof.Cond.R. 1.10 imputes conflicts of interest to all lawyers associated in a firm "when the lawyer *knows or reasonably should know* that any one of them practicing alone would be prohibited from doing so by Rule 1.7[.]" (Emphasis sic.)

{¶24} In this case, Grubb cannot effectively advocate for plaintiffs in the wrongful death action and testify to the actions of employing Tracy while she was receiving the BWC benefit, which defendants contend contributed to the stress that arguably caused Tracy's death. There is a substantial risk that Grubb's ability to

represent her client would be compromised because of her own personal interests. This conflict of interest is imputed to all lawyers associated in Grubb's entire firm.

**{¶25}** For the foregoing reasons, we cannot say the trial court abused its discretion when it disqualified Grubb and her law firm as plaintiffs' counsel. The trial court considered the ample evidence before it and recognized that Grubb's testimony is necessary and a conflict exists. We acknowledge that removing Grubb and her law firm is a drastic measure, but the trial court found it necessary in light of the ample documentation of this highly unusual situation through several court proceedings, both civil and criminal. Accordingly, the trial court's decision was not arbitrary, unreasonable, or unconscionable.

**{¶26}** The sole assignment of error is overruled.

**{¶27}** Judgment is affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
SEAN C. GALLAGHER, J., CONCUR