[Cite as *State v. Gross*, 2017-Ohio-2986.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104851**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LERASHAD D. GROSS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603472-A

**BEFORE:** S. Gallagher, J., Kilbane, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** May 25, 2017

**ATTORNEY FOR APPELLANT**

Myriam A. Miranda
P.O. Box 40222
Bay Village, Ohio   44140


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Andrea N. Isabella
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

**{¶1}**  Lerashad Gross appeals his separate convictions for gross sexual imposition and abduction that resulted in an aggregate sentence of 42 months in prison.  We affirm.

**{¶2}** Gross did not provide a recitation of the facts as required under App.R. 16(A)(6).  We take this omission to mean that the facts of Gross's criminal conduct are not dispositive of or necessary to resolving the assigned error.  App.R. 16(A)(6).  ("The appellant shall include in its brief * * * [a] statement of facts relevant to the assignments of error presented for review, with appropriate references to the record.")  The state has not presented any facts of the underlying criminal conduct either.  Both parties are apparently under the impression that a recitation of the procedural history of the case, along with references to the sentencing transcript, is enough to enable our review of the legal issues advanced in the sole assignment of error.

**{¶3}** Gross claims that the trial court erred at the sentencing hearing by not providing reasons in support of the trial court's findings under R.C. 2929.14(C)(4), and that the imposition of consecutive sentences totaling 42 months is clearly and convincingly contrary to law because it is inconsistent with sentences imposed upon similarly situated offenders and is disproportionate to the crime.  We find no merit to either argument, but also note that the legal arguments in Gross's brief are identical to the ones advanced in *State v. Watkins*, 8th Dist. Cuyahoga No. 104507, 2017-Ohio-964.  As a result, our decision is largely limited to the conclusions reached in *Watkins*.

**{¶4}** R.C. 2929.14(C)(4) permits the court to order consecutive service of multiple sentences that (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and additionally, (3) if (a) the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) at least two of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates the necessity of consecutive sentences to protect the public from future crime. *Watkins* at ¶ 5, citing *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 10, and *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

**{¶5}** We must affirm an order imposing consecutive service of the prison terms, once the findings are made, unless it can be clearly and convincingly found that the record does not support the sentencing judge's findings. R.C. 2953.08(G)(2). This is an "extremely deferential" standard of review and one written in the negative. *State v. Kirkman*, 8th Dist. Cuyahoga No. 103683, 2016-Ohio-5326, ¶ 6.

**{¶6}** The crux of Gross's argument is that he believes the 42-month aggregate sentence is inconsistent with sentences imposed on similarly situated offenders and is disproportionate to the crimes Gross committed. Despite this claim, no comparative sentencing data, to show how this sentence was inconsistent or disproportionate to others,

was offered for the trial court's consideration. This issue was not raised during the sentencing hearing, and simply claiming that a 42-month aggregate sentence is disproportionate to the offender's conduct and the danger he poses to the public is not sufficient under the Rules of Appellate Procedure. App.R. 16(A)(7); *Watkins,* 8th Dist. Cuyahoga No. 104507, 2017-Ohio-964, at ¶ 6. In addition, Gross has not provided a factual basis demonstrating that his conduct in committing the crimes was disproportionate to his 42-month aggregate sentence. *Id.*

{¶7} Gross also believes the trial court should have offered reasons or additional analysis in justifying the sentence imposed. It is well settled that a trial court need not provide reasons in support of its consecutive-sentence findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *Watkins* at ¶ 7. Although not required, the trial court did offer a fairly detailed account of the reasons for imposing the sentence. Tr. 44:1-46:18. In addition to the required findings, the trial court noted (1) the debilitating effect of the sexual assault on the 17-year-old victim's psyche, (2) Gross's substance abuse problems, and (3) the fact that Gross was arrested for operating a vehicle while intoxicated and endangering a child the day after pleading guilty to the crimes in this case, all of which weighed heavily in favor of the prison terms imposed. The trial court also considered statements from the victim's family, the presentence investigation report, the report prepared by the court's psychiatric clinic, Gross's expression of remorse, and arguments by counsel for the state and the defendant.

**{¶8}** The trial court considered all that the law requires and made the findings under R.C. 2929.14(C)(4), and there is no argument that the record does not factually support the consecutive-sentence findings. *Watkins* at ¶ 9. The sole assignment of error must be overruled.

**{¶9}** We affirm.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY