[Cite as *Podor v. Harlow*, 2018-Ohio-4110.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 106442

---

# KENNETH C. PODOR

PLAINTIFF-APPELLEE

vs.

# ALBERT L. HARLOW, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-873997

**BEFORE:** Laster Mays, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 11, 2018

**ATTORNEY FOR APPELLANTS**

Robert C. Rosenfeld
Robert Charles Rosenfeld Law Offices
16 S. Main Street
P.O. Box 23667
Chagrin Falls, Ohio 44023


**ATTORNEYS FOR APPELLEE**

Daren Niemi
The Podor Law Firm, L.L.C.
33565 Solon Road
Solon, Ohio 44139

ANITA LASTER MAYS, J.:

{¶1} Defendants-appellants, Albert L. Harlow, Jr. ("Harlow"), Danette Harlow ("D. Harlow"), Clickit Connect d.b.a. Clickit Labs Co. ("Clickit Connect"), Click It Compliance Corp. ("Clickit Compliance"), iNamics Corp. ("iNamics"), attorney Robert C. Rosenfeld ("Rosenfeld"), and The Robert C. Rosenfeld LL.M. Co. L.P.A. ("Rosenfeld LL.M.) appeal the trial court's finding that a conflict of interest prevents Rosenfeld and Rosenfeld LL.M. from representing their codefendants in the case. We affirm.

## I. Presumptions

{¶2} Appellants' App.R. 9(C) submission was noncompliant, and the appeal was converted to an App.R. 9(A) record. In the absence of a transcript or App.R. 9(C) narrative statement, we have nothing to pass upon and we must presume the regularity of the trial court's proceedings. *Krawulski v. Blvd. & Neal Terrace Apts. Ltd.*, 8th Dist. Cuyahoga No. 93409, 2010-Ohio-3505, ¶ 21, citing *Hardy v. Fell*, 8th Dist. Cuyahoga No. 88063, 2007-Ohio-1287, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980), and App. R. 9(B) and (C).

{¶3} "We presume that the trial court considered all the evidence and arguments raised." *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 26 (8th Dist.). We accept the factual findings of the trial court as true and limit our review to the legal conclusions of the trial court. *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073, ¶ 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklim

No. 11AP-965, 2012-Ohio-1665, ¶ 8. App.R. 16(A)(6) provides that an "appellant shall include in its brief * * * [a] statement of facts relevant to the assignments of error presented for review, with appropriate references to the record." In this case, the statement of facts section of appellants' brief states — "none per court order." We construe the "omission to mean that the facts * * * are not dispositive of or necessary to resolving the assigned error." *State v. Gross*, 8th Dist. Cuyahoga No. 104851, 2017-Ohio-2986, ¶ 2.

## II. Background

{¶4} On January 5, 2017, plaintiff-appellee Kenneth C. Podor ("Podor"), a licensed Ohio attorney represented by members of the Podor Law Firm in this case, filed a complaint against appellants. The caption includes a notation that the case is a "refiling of Cuyahoga C.P. No. CV-12-796051 (with additional new defendants) (previously consolidated with Cuyahoga C.P. No. CV-12-782070)"[1] ("2012 cases").

{¶5} Distilled, Podor asserts that Harlow was the president and chief executive officer of iNamics and that since October 2005, Harlow and iNamics engaged in a pattern of fraudulent activities and material misrepresentations designed to induce Podor to provide loans and investment funds to iNamics, resulting in damages to Podor.

{¶6} According to Podor, Harlow, D. Harlow, Rosenfeld, and Rosenfeld LL.M. collaborated to form Clickit Connect and Clickit Compliance as successor or affiliate

---

[1] On February 11, 2013, *Podor v. Harlow*, Cuyahoga C.P. No. CV-12-796051 filed November 21, 2012, was consolidated with *Matta v Harlow*, Cuyahoga C.P. No. CV-12-782070 filed May 7, 2012.

companies to iNamics and illegally or improperly transferred iNamics' assets, receivables, and business opportunities to Clickit Connect and Clickit Compliance. Harlow and D. Harlow were owners, managers, and/or employees of the appellant companies. Rosenfeld and Rosenfeld LL.M. formed the companies and provided legal representation and counsel. Appellants' actions purportedly diluted the value of Podor's interest in iNamics. Podor's claims also include failure of iNamics to honor a promissory note held by Podor as well as civil conspiracy.

**{¶7}** Further as to Rosenfeld and Rosenfeld LL.M., Podor alleges the commission of legal malpractice for failing to zealously represent Podor's interests in the operation of the business. Podor lists violations by Rosenfeld and Rosenfeld LL.M. of various professional conduct rules based on their concurrent representation of the appellants, concurrent representation of appellants and Podor in operating the business, and representation of certain of the appellants in the 2012 lawsuits initiated against them by Podor.

**{¶8}** Appellants argue that the claims in this case regarding Podor's investment in iNamics were resolved in the settlement of the 2012 cases. Appellants also request that this court consider the facts underlying *Harlow, Jr. v. Podor*, Cuyahoga C.P. No. CV-17-889287 filed November 11, 2017, appealed to this court on February 28, 2018, 8th Dist. Cuyahoga No. 106872, dismissed for lack of a final appealable order on March 27, 2018. During oral argument of the instant case, appellants informed this court that an

appeal of that case was refiled two days prior to oral argument. That appeal is pending separately and is not under consideration here.

{¶9} This court's focus is confined to the single assigned error on appeal arising from the October 25, 2017 journal entry that disqualified named codefendants Rosenfeld and Rosenfeld LL.M. as counsel for the appellants:

> After consideration of the motion, briefs, and arguments made, the court finds that a conflict of interest does exist for attorney Robert Rosenfeld to represent any other defendant in this suit except Robert C. Rosenfeld and the Robert C. Rosenfeld LL.M. Co., LPA. Therefore, attorney Rosenfeld is prohibited from representing any other defendants but Robert C. Rosenfeld and the Robert C. Rosenfeld LL.M. Co., LPA. * * * The clerk is ordered to remove attorney Robert C. Rosenfeld as attorney of record for defendants Albert Harlow, iNamics Corp., Clickit Compliance Corp., Clickit Labs Co., and Danette Harlow. Robert C. Rosenfeld is ordered to notify these defendants of their or new counsel's required attendance at the pretrial.

Journal Entry No. 101092994 (Oct. 25, 2017).

## III. Discussion

{¶10} An order "'granting a motion to disqualify opposing counsel is a final appealable order'" under R.C. 2505.02, *Grimes v. Oviatt*, 8th Dist. Cuyahoga No. 104491, 2017-Ohio-1174, ¶ 37, quoting *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 10; *see also Russell v. Mercy Hosp.*, 15 Ohio St.3d 37, 39, 472 N.E.2d 695 (1984) . "[A]n order granting disqualification immediately and definitely affects the party it deprives of chosen counsel * * * [and] it typically imposes a permanent effect because it is unlikely to be reconsidered as a trial progresses." (Citations omitted.) *Wilhelm-Kissinger* at ¶ 9-10.

**{¶11}** A trial court has broad discretion in determining a motion to disqualify counsel. *Quiros v. Morales*, 8th Dist. Cuyahoga No. 89427, 2007-Ohio-5442, ¶ 14, citing *Spivey v. Bender*, 77 Ohio App.3d 17, 601 N.E.2d 56 (6th Dist.1991). A trial court also has wide discretion to exercise its "'inherent authority to supervise members of the bar appearing before it'" including an attorney's inability to "'comply with the Code of Professional Responsibility when representing a client.'" *Wynveen v. Corsaro*, 8th Dist. Cuyahoga No. 105538, 2017-Ohio-9170, ¶ 14, quoting *Fried v. Abraitis*, 2016-Ohio-934, 61 N.E.3d 545, ¶ 11 (8th Dist.), citing *Royal Indem. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 501 N.E.2d 617 (1986), and *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 510 N.E.2d 379 (1987).

**{¶12}** An unreasonable, unconscionable, and arbitrary decision by a trial court in granting or denying a motion to disqualify counsel constitutes an abuse of discretion and will be reversed upon appellate review. Where there is "'no sound reasoning process that would support the decision,'" the trial court's decision is deemed to be unreasonable. *Wynveen* at ¶15, quoting *Fried* at ¶ 11, and citing *Centimark Corp. v. Browning Sprinkler Serv., Inc.*, 85 Ohio App.3d 485, 620 N.E.2d 134 (8th Dist.1993).

**{¶13}** The party moving for disqualification bears the burden of demonstrating the necessity for removal. *WFG Natl. Title Ins. Co. v. Meehan*, 8th Dist. Cuyahoga No. 105677, 2018-Ohio-491, ¶ 24, citing *Mentor Lagoons, Inc. v. Teague*, 71 Ohio App.3d 719, 724, 595 N.E.2d 392 (11th Dist.1991).

**{¶14}** Count 10 of the complaint sets forth specific allegations of ethical violations and professional misconduct by Rosenfeld and Rosenfeld LL.M. Rosenfeld and Rosenfeld LL.M. represented the remaining appellants, the corporate entities and owners, officers, employees, or directors thereof, in the operation and management of the appellant companies. Rosenfeld and Rosenfeld LL.M. also represented the other appellants in the 2012 litigation, the litigation involved in the separate pending appeal, and now in the current case.

**{¶15}** Podor argues that the continuing and concurrent representation of appellants by Rosenfeld and Rosenfeld LL.M. implicates Ohio Prof.ConductR. 1.7(a)(1)(2) regarding conflicts of interest of current clients:

> (a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:
>
> > (1) the representation of that client will be directly adverse to another current client;
> >
> > (2) there is a substantial risk that the lawyer's ability to "'consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.'"

*See also Lytle v. Mathew*, 2017-Ohio-1447, 89 N.E.3d 199, ¶ 23 (8th Dist.), quoting *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409 (9th Dist.) (Prof.Cond.R. 1.7 violated where an attorney's ability to "'consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's * * * own personal interests.'")

{¶16}  While Ohio Prof.Cond.R. 1.7(B) allows a client to waive a conflict of interest if other conditions are met, the client may not consent where "the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding." Ohio.Prof.Cond.R. 1.7(c)(2).

{¶17} Podor also contends that Rosenfeld and Rosenfeld LL.M. were instrumental in conducting and/or conspiring to conduct the allegedly illegal activities underlying the other causes of action in the case.  Ohio Prof.Cond.R. 8.4(c) prohibits a lawyer from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation." The cited conduct also violates Ohio Prof.Cond.R. 1.2(d)(1) prohibiting counseling a client to engage in conduct that the lawyer knows is illegal or fraudulent.

{¶18}  Rosenfeld and Rosenfeld LL.M. are also named codefendants in this case and would likely be witnesses in this case.  This implicates Prof.Cond.R. 1.7 as well as Ohio Prof.Cond.R. 3.7(a), which provides:

> (a)  A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
>    (1)  the testimony relates to an uncontested issue;
>
>    (2)  the testimony relates to the nature and value of legal services rendered in the case;
>
>    (3)  the disqualification of the lawyer would work substantial hardship on the client.

{¶19}  Also relevant here, the attorney-client privilege does not extend to conversations with a client that relates to engaging in fraudulent or illegal activities.

*Lytle*, 2017-Ohio-1447, 89 N.E.3d 199, at ¶ 20, citing *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 27, and *Moskovitz v. Mt. Sinai Med.* Ctr., 69 Ohio St.3d 638, 661, 635 N.E.2d 331 (1994). It would follow that the privilege would not extend to counsel's alleged conspiracy or misconduct with appellants in this case.

{¶20} Podor also offers as a further indication of professional misconduct and conflict of interest that Rosenfeld and Rosenfeld LL.M. are violating Ohio Prof.Cond.R. 1.13(A). The rule provides that a lawyer who is "employed or retained by an organization" represents the organization and not the individual "officers, directors, trustees, and employees." *Id.* Rosenfeld and Rosenfeld LL.M. have allegedly served as general counsel to the business entities and actually served as counsel to the appellant businesses and individuals in the past and current lawsuits.

{¶21} The conflict posed by Prof.Cond.R. 1.7 is unwaivable, and the conflict is imputed to the firm under Prof.Cond.R. 1.10. *Lytle* at ¶ 23. Allegiance is owed to the appellant companies and not to the appellant officers, directors, employees, or managers pursuant to Prof.Cond.R.1.13(A), which supports the presence of a conflict under Prof.Cond.R. 1.7.

{¶22} As codefendants, the interests of Rosenfeld and Rosenfeld LL.M. versus the remaining appellants are also divergent because there is a substantial risk that Rosenfeld and Rosenfeld LL.M. will be witnesses in the action or that the defense strategy for their clients will be impacted due to adverse interests. *See State v. Rivera*, 9th Dist. Lorain

Nos. 16CA011057, 16CA011059, 16CA011060, 16CA011061, 16CA011063, 16CA011073, and 16CA011075, 2017-Ohio-8514, ¶ 13, (affirming disqualification due to "a substantial risk of the attorneys' ability to consider, recommend, or carry out an appropriate course of action for all clients").

**{¶23}** Based on the record before us, the arguments proffered by Podor in support of the trial court's decision are well-taken.

**{¶24}** The trial court considered the "motion, briefs, and arguments made" in finding that a conflict exists. Journal Entry No. 101092994 (Oct. 25, 2017). Based on our review of the record, the presumption of regularity afforded to the trial court's determination, the trial court's wide discretion to exercise its inherent power to disqualify counsel to insure ethical compliance and the integrity of the proceedings, and where the record reflects that the trial court exercised a sound reasonable process supporting the decision, we do not find that the trial court abused its discretion in determining that counsel will not be able to comply with the Code of Professional Responsibility in representing the appellants in this case. (Citations omitted.) *Wynveen*, 8th Dist. Cuyahoga No. 105538, 2017-Ohio-9170, at ¶ 14.

**{¶25}** Appellants argue that the test set forth in *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882 (6th Cir.1990), applies to this case. The three-part *Dana* test is employed where a former client of counsel for the opposing party pursues disqualification of that counsel due to a conflict of interest. W*ynveen* at ¶ 18, citing *Stanley v. Bobeck*, 8th Dist. Cuyahoga No. 92630, 2009-Ohio-5696, ¶ 13. *See also*

*Cleveland v. Cleveland Elec. Illum. Co.*, 440 F.Supp. 193 (N.D.Ohio 1976) (the source of the *Dana* test which was created to address "[i]ssues of disqualification of counsel for conflicts arising as a result of former representation * * *." *Id.* at 195.)

{¶26} It is true that Podor also alleges that a conflict of interest exists due to Rosenfeld and Rosenfeld LL.M.'s representation of Podor's interest in iNamics. However, based on our determination that the trial court's decision to grant disqualification is not an abuse of discretion based on the previously cited factors, we need not apply the *Dana* test to analyze this issue.

{¶27} To that end, we do note that "[s]ubsequent to its *Dana* decision, the Sixth Circuit directed courts to 'look to the codified Rules of Professional Conduct for guidance' in resolving questions of attorney disqualification." *Khan v. Cellco Partnership*, S.D.Ohio No. 1:10-CV-118, 2011 U.S. Dist. LEXIS 122894, 15 (Sep. 8, 2011), citing *Natl. Union Fire Ins. Co. v. Alticor, Inc.,* 466 F.3d 456, 457 (6th Cir.2006), vacated in part on other grounds, 472 F.3d 436 (6th Cir.2007). "'Applying the Rules of Professional Conduct in determining the propriety of counsel disqualification lead[s] to greater uniformity and predictability.'" *Weldon v. Presley*, N.D.Ohio No. 1:10 CV 01077, 2011 U.S. Dist. LEXIS 160043 (Dec. 2, 2011), quoting *Natl. Union* at 457.

## IV. Conclusion

{¶28} The trial court's judgment is affirmed.

It is ordered that appellee recover of said appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR