[Cite as *State v. Lay*, 2021-Ohio-892.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-08-050 |
| Appellee, | : | O P I N I O N<br>3/22/2021 |
| | : | |
| - vs - | : | |
| | : | |
| MICHAEL A. LAY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2020 CRB 2033

Mark Tekulve, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant

**M. POWELL, P.J.**

{¶ 1} Appellant, Michael A. Lay, appeals from his conviction in the Clermont County Municipal Court for violating a protection order. For the reasons discussed below, we affirm the conviction.

{¶ 2} In mid-May 2020, B.W. petitioned the Clermont County Domestic Relations

Court for a domestic violence civil protection order ("DVCPO") against appellant. With the order she sought to protect herself and her minor son. Appellant is the father of B.W.'s son. The domestic relations court issued an ex parte DVCPO pursuant to R.C. 3113.31 on the day of the petition and set the full hearing for May 28th. The DVCPO prohibited Lay from contacting B.W. or her son.

{¶ 3} On May 22, 2020, appellant attempted to contact B.W. by telephone. B.W. reported the incident to law enforcement and a deputy sheriff, Deputy Ross, responded. B.W. informed the deputy that she had received a DVCPO against appellant and explained that appellant had telephoned her, but she did not answer. Deputy Ross reviewed law enforcement records and contacted the civil division of the sheriff's office to learn whether the DVCPO had been served. Deputy Ross could not verify that the DVCPO had been served on appellant. Based on the lack of service, the deputy decided not to charge appellant for the violation of the DVCPO. However, the deputy personally called appellant, in the presence of B.W., to inform appellant that a DVCPO had been issued against him and he was prohibited from contacting B.W. or her son. Besides appellant identifying himself to Deputy Ross, B.W. overheard the conversation and identified appellant by his voice.

{¶ 4} Appellant failed to appear for the full hearing on B.W.'s DVCPO petition. The domestic relations court continued the hearing and extended the ex parte DVCPO by re-issuing the order on May 28th to reflect a new hearing date and order expiration.

{¶ 5} On June 21, 2020, appellant sent B.W. a text message asking if their son could call him. B.W. again reported the incident to law enforcement. A second deputy sheriff, Deputy Shouse, responded. Believing that appellant had been notified of the DVCPO, Deputy Shouse filed a complaint in the Clermont County Municipal Court charging appellant with violating a protection order, a first-degree misdemeanor, in violation of R.C.

- 2 -

2919.27(A)(1). Appellant was arrested and arraigned. He pled not guilty to the charge and the matter proceeded to a bench trial.

{¶ 6} At trial, B.W., Deputy Ross, and Deputy Shouse testified on behalf of the state. The state also presented as evidence a copy of the DVCPO issued May 28th, a screenshot from B.W.'s telephone of the text message she received on June 21, and a screenshot from B.W.'s telephone of appellant's contact information. After the state rested, appellant moved for a Crim.R. 29 judgment of acquittal asserting that the state failed to prove that either the DVCPO had been properly served before the alleged violation or that appellant had prior notice of the order. The trial court denied the motion. Appellant did not put forth any evidence. The trial court found appellant guilty as charged and sentenced him according to law.

{¶ 7} Appellant now appeals and raises one assignment of error for review:

{¶ 8} THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY AS THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT APPELLANT HAD RECEIVED SERVICE OF PROTECTION ORDER NO. 2 THROUGH ONE OF THE METHODS SET FORTH IN R.C. 2919.27(D).

{¶ 9} In his sole assignment of error, appellant challenges the sufficiency of the evidence. He argues that the state failed to prove an essential element of the offense, that is, that he had been properly served with the DVCPO or that he had notice of the DVCPO. He contends that the domestic relations court issued two, separate DVCPOs against him, one issued May 13 and the other issued May 28. While he concedes that a law enforcement officer informed him of the May 13th protection order, he argues that each order required distinct notice, and he was neither served with nor distinctly informed of the DVCPO re-issued on May 28.

{¶ 10} A challenge to the sufficiency of the evidence requires this court to determine

whether the evidence is adequate to support the conviction as a matter of law. *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, ¶ 13. The relevant inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thacker*, 12th Dist. Warren No. CA2019-06-058, 2020-Ohio-1318, ¶ 60.

{¶ 11} To convict appellant for a violation of R.C. 2919.27(A)(1), the state had to prove that appellant recklessly violated the terms of the protection order issued pursuant to R.C. 3113.31. A person acts recklessly when,

> with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C). The Ohio Supreme Court has held that service of a protection order, before the alleged violation occurs, is an element of the offense. *See State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, ¶ 28. In response to *Smith*, the General Assembly amended R.C. 2919.27. *See* 2017 S.B. 7. This amendment became effective in September 2017 and inserted a new provision in R.C. 2919.27 which sets forth that

> [i]n a prosecution for a violation of this section, it is not necessary for the prosecution to prove that the protection order or consent agreement was served on the defendant if the prosecution proves that the defendant was shown the protection order or consent agreement or a copy of either or a judge, magistrate, or law enforcement officer informed the defendant that a protection order or consent agreement had been issued, and proves that the defendant recklessly violated the terms of the order or agreement.

R.C. 2919.27(D). This provision makes it unnecessary for the prosecution to prove that a defendant has been served with the protection order if the prosecution can otherwise prove

that a law enforcement officer informed the defendant that the protection order had been issued.  *See State v. Kidd*, 8th Dist. Cuyahoga No. 109126, 2020-Ohio-4994, ¶ 44.

{¶ 12} Turning now to appellant's contention that there were two distinct orders, we find that argument lacks merit.  Domestic relations courts have jurisdiction to issue temporary, ex parte DVCPOs.  R.C. 3113.31(A)(2) and 3113.31(D)(1).  If the court issues such an order, it must schedule a full hearing on the petition within 7 or 10 days, depending upon the nature of the protection sought.  Nevertheless, the full hearing may be continued if "the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing."  R.C. 3113.31(D)(2)(a)(i).  The General Assembly has expressly provided that "[a]n ex parte order issued under this section *does not expire* because of a failure to serve notice of the full hearing upon the respondent before the date set for the full hearing under division (D)(2)(a) of this section or because the court grants a continuance under that division."  (Emphasis added.) R.C. 3113.31(D)(2)(b).  Moreover, "[a]ny protection order issued * * * pursuant to this section may be renewed in the same manner as the original order or agreement was issued or approved."  R.C. 3113.31(E)(3)(c).

{¶ 13} Here, the reissuance of the ex parte DVCPO was made necessary by the fact that appellant had not been served with the May 13 order in time for the full hearing on the matter.  Pursuant to R.C. 3113.31(D)(2)(b) the initial order did not expire because of the lack of service.  The domestic relations court merely reissued the order on May 28th to reflect the ongoing protection afforded to B.W. and to designate the new hearing dates.  B.W. testified that the substantive provisions of the initial order and the reissued order did not change.  Therefore, we hold that the DVCPO reissued on May 28 was not a separate order from the initial DVCPO.

{¶ 14} Next, we find that appellant's reliance on *State v. Doss*, 2d Dist. Champaign No. 2018-CA-41, 2019-Ohio-2247 is misplaced because it is distinguishable on the facts.

In *Doss*, the Second District held that there was no direct evidence the defendant had been served with or notified of the protection order. *Id.* at ¶ 11. Conversely, in the instant case, there was evidence appellant was notified of the protection order. Deputy Ross testified that he informed appellant about the DVCPO on May 22. The deputy's notice to appellant satisfied the requirements of R.C. 2919.27(D) because we have determined that there was only one DVCPO issued against appellant. By contacting B.W. after Deputy Ross informed him of the DVCPO, appellant disregarded a substantial and unjustifiable risk that his conduct was likely to be in violation of the DVCPO. Consequently, the evidence was sufficient to convict appellant of violating the protection order.

{¶ 15} Accordingly, appellant's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.