The STATE of Ohio, Appellee,

v.

JOHNSON, Appellant.

[Cite as State v. Johnson, 197 Ohio App.3d 631, 2011-Ohio-6809.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–11–014.

Decided Dec. 30, 2011.

Paul A. Dobson, Wood County Prosecuting Attorney, and Heather M. Baker and David E. Romaker Jr., Assistant Prosecuting Attorneys, for appellee.

George E. Gerken, for appellant.

HANDWORK, Judge.

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas wherein appellant, Stephan Johnson, was indicted on three counts of sexual battery in violation of R.C. 2907.03(A)(5). All three charges are felonies of the

third degree. Attorney George Gerken was engaged to represent Johnson in this case. Subsequently, however, appellee, the state of Ohio, filed a motion to disqualify Gerken as defense counsel for Johnson. Appellee asserted that since Gerken would be called as a witness against his client in this cause, he could not act as an advocate for Johnson pursuant to Prof.Cond.R. 3.7.

{¶ 2} At the hearing on this matter, appellee contended that Gerken had met with the child victim in this case at a Burger King and obtained a written statement from the child that contradicted the statements regarding the alleged sexual abuse that she had made to the police and to the children's services agency. Appellee therefore claimed that Gerken was an essential witness in this case on the issue of the victim's credibility. On the other hand, Gerken argued that (1) the child's mother was present when the child not only made the statement but also wrote it down and therefore the mother could be called as a witness, (2) the victim could be a witness on this issue, (3) the central issue on disqualification was not whether he could testify at trial but whether the evidence was admissible under any other circumstance, (4) appellant was entitled to choice of counsel under the Sixth Amendment to the United States Constitution, and (5) the prosecutor was required to commit, at the time of the hearing, to calling him as a witness at Johnson's trial.

{¶ 3} In response, the prosecutor admitted that the victim had made the contradictory statements cited by Gerken. She also committed to calling Gerken as a witness at trial to explain the circumstances surrounding the statements and the child's demeanor in providing these statements. Appellee reiterated that the victim was alone with Gerken when she made these statements. At that point in the hearing, Gerken told the trial judge that he was willing to have the child's mother testify that she was at the meeting at which the victim made the contradictory statements.

{¶ 4} The judge then held that the mother's absence or presence at the meeting between appellant and the victim was not determinative of the question before him. Instead, he found that the fact that Gerken was a potential witness at trial was sufficient to disqualify him from serving as Johnson's trial counsel. After the court filed its written judgment on this issue, appellant filed a timely notice of appeal. He sets forth the following issues (which we will treat as assignments of error) for our review:

{¶ 5} "1. Whether counsel's proposed testimony as to the authenticity of the executed statement from the alleged victim disqualifies that same counsel from representing Appellant in the related criminal matter.

{¶ 6} "2. Whether the trial court abused its discretion when disqualifying appellant's counsel based upon State–Appellee's contention that counsel is a 'necessary' and 'material' fact witness with respect to the relevant disputed facts.

{¶ 7} "3. Whether the trial court abused its discretion when disqualifying counsel for Appellant without applying the considerations mandated under Ohio case law."

{¶ 8} Appellant's third assignment of error is dispositive of the central issue in this cause. Specifically, appellant argues that the trial court erred in disqualifying counsel without finding that Gerken was a necessary, rather than just a potential, witness at Johnson's trial.

{¶ 9} This court reviews a trial court's disqualification of counsel under an abuse-of-discretion standard. *Clucas v. Vojtech* (1997), 119 Ohio App.3d 475, 477, 695 N.E.2d 809. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 10} Prof.Cond.R. 3.7 provides:

{¶ 11} "(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a *necessary* witness unless one or more of the following applies:

{¶ 12} "(1) the testimony relates to an uncontested issue;

{¶ 13} "(2) the testimony relates to the nature and value of legal services rendered in the case;

{¶ 14} "(3) the disqualification of the lawyer would work substantial hardship on the client." (Emphasis added.)

{¶ 15} Disqualification of a party's attorney is an extreme measure that should be imposed only when it is absolutely necessary. *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409, ¶ 19. A party's simple declaration of an intention to call opposing counsel as a witness at trial is insufficient to establish the necessity for disqualification. Id. at ¶ 21. Thus, as the movant in the case before us, the state was required to prove that attorney Gerken was a necessary witness. *Popa Land Co., Ltd. v. Fragnoli*, 9th Dist. No. 08CA0062–M, 2009-Ohio-1299, 2009 WL 735969, ¶ 16. If the evidence that is to be offered by an opposing attorney's testimony "can be elicited through other means, then the attorney is not a necessary witness." *Rock v. Sanislo*, 9th Dist. No. 09CA0031M, 2009-Ohio-6913, 2009 WL 5154889, ¶ 9. In other words, the attorney must be someone who has relevant, necessary information that no other witness can provide. *Popa Land* at ¶ 15. Finally, if the court finds that the testimony of the attorney is necessary, it must then determine whether one of the exceptions in Prof.Cond.R. 3.7 exists. Id. at ¶ 17.

{¶ 16} In the present case, the trial court failed to comply with the test set forth in Prof.Cond.R. 3.7(a) by finding that the fact that attorney Gerken was a potential witness was sufficient to satisfy the rule. Accordingly, the common

pleas court's decision to disqualify appellant as Johnson's attorney was unreasonable, arbitrary, and unconscionable. Appellant's third assignment of error is found well taken. His first and second assignments of error are rendered moot. The judgment of the Wood County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this decision. Pursuant to App.R. 24, appellee, the state of Ohio, is ordered to pay the costs of this appeal.

Judgment reversed.

PIETRYKOWSKI, J., and OSOWIK, P.J., concur.