[Cite as *State v. Ponce*, 2012-Ohio-4572.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 75 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| OSCAR PONCE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                              Court, Case No. 08 CR 1074.

JUDGMENT:                     Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:       Attorney Paul J. Gains
                              Prosecuting Attorney
                              Attorney Ralph M. Rivera
                              Assistant Prosecuting Attorney
                              21 W. Boardman St., 6th Floor
                              Youngstown, OH 44503

For Defendant-Appellant:      Attorney John Limbian
                              The Commerce Building
                              201 East Commerce Street
                              Youngstown, OH 44503

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

                              Dated: September 24, 2012

DeGenaro, J.

{¶1} Defendant-Appellant, Oscar Ponce, appeals the May 2, 2011 judgment of the Mahoning County Court of Common Pleas disqualifying Ponce's retained counsel from representing him upon retrial for rape based upon the possibility that defense counsel might have to testify during that proceeding. On appeal, Ponce contends the trial court's decision was unreasonable and violates his right to have counsel of his own choosing.

{¶2} This argument is meritorious in part. The trial court disqualified counsel because it was "possible" counsel would be called as a witness at the second trial and to "avoid any possible impropriety." This is the incorrect legal test. The trial court must determine, first, whether defense counsel's testimony is necessary. If it is deemed unnecessary, then disqualification is unwarranted; Ponce should be able to retain his chosen counsel. If it is deemed necessary, then counsel should be disqualified, unless the trial court determines one of the exceptions found in Prof.Cond.R. 3.7(a)(1), (2) or (3) applies. Accordingly, the judgment of the trial court is reversed and remanded for the court to apply the correct legal standard to the facts of this case.

## Facts and Procedural History

{¶3} This appeal arises from a final, appealable interlocutory order issued during the course of a second trial of the charges filed against Ponce. On October 2, 2008, Ponce was indicted by the Mahoning County grand jury on two counts of rape (R.C. 2907.02(A)(2)(B)), first-degree felonies, and one count of menacing by stalking (R.C. 2903.211(A)(1)(B)(2)(e)), a fourth-degree felony. The State alleged that on September 3, 2008, Ponce physically forced his wife to engage in two types of sexual conduct with him. With regard to the menacing by stalking, the State alleged that Ponce followed the victim to Ohio from New Jersey after she had decided to end the marriage, and relentlessly contacted her, causing her to fear he would harm her.

{¶4} Initially, counsel was appointed for Ponce. However, Ponce later retained Attorney Jeffrey Limbian on January 8, 2010. The first trial was to a jury and commenced on November 30, 2010; no transcript from this trial was filed as a part of the appellate record.

{¶5}    The pleadings filed in the record show that On December 1, 2010, the State filed a motion in limine objecting to defense counsel's stated intention to introduce certain photographs, purportedly taken inside the victim's home, depicting what appeared to be sexual paraphernalia, including bondage items, based upon rape shield law and because they were never produced during discovery.  According to a Disclosure of Evidence filed by the State that same day, Ponce told Assistant Prosecutor Natasha Frenchko, while in the presence of his attorney, Jeffrey Limbian that the photos were taken the night of the alleged rapes.  As a result, Frenchko was placed on the State's witness list.  According to Ponce, Frenchko did not end up testifying at the first trial, and the photographs in question were not presented as evidence.  However, we cannot consider this contention because the transcript from the first trial was not made a part of this appellate record.

{¶6}    The jury convicted Ponce of the menacing by stalking charge, but could not reach a verdict on the rape charges, and the trial court declared a mistrial on those counts.  The trial court entered judgment on the menacing by stalking verdict on December 13, 2010, and the matter was set for pretrial regarding the rape charges.

{¶7}    On April 28, 2011, Ponce filed a motion to remove Frenchko from the case pursuant to Rule 3.7 of the Rules of Professional Conduct, since she remained on the witness list for retrial.  The trial court granted the motion on April 29, 2011.  That same day, the State filed a motion for removal of defense counsel Limbian.  For cause, the State asserted that because Limbian was present when Ponce made the disclosure about the photographs, the State may be required to call Attorney Limbian at the Defendant's next trial.

{¶8}    A brief hearing was held on the State's disqualification motion. Defense counsel lodged an objection, which the court overruled.  On May 2, 2011, the court issued a judgment entry removing Limbian from the case, stating:

> Defendant previously made statements both to the Assistant Prosecutor and Defense Counsel after the previous trial commenced. Because of this disclosure it is possible that Defense Counsel could be

called as a witness. Upon review of the State of Ohio's Motion and Rule 3.7 of the Rules of Professional Conduct (Exhibit B), the Court hereby removes Attorney Limbian from this case in order to avoid any possible impropriety.

**{¶9}** Ponce filed a timely notice of appeal, and on May 12, 2011, the trial court granted a stay of all further proceedings pending the outcome of the present appeal. This court found that the first brief filed by Ponce's counsel "is in narrative format, rather than in the style and content contemplated by App.R. 16(A). Moreover, it contains no legal citations." Ponce was granted leave to file a brief that complied with the Appellate Rules, which he did on December 28, 2011. Appellee, the State of Ohio, filed its brief on February 15, 2012.

**Disqualification of Defense Counsel**

**{¶10}** In his sole assignment of error, Ponce asserts:

**{¶11}** "The Trial Court committed error by removing Defense Counsel from the further representation of the Defendant based on the conclusion that both the Prosecutor and Defense Counsel were present when the Defendant made a comment during trial that he had taken pictures of the parties [sic] bedroom."

**{¶12}** Ponce contends that the trial court abused its discretion and violated his constitutional right to counsel when it disqualified his retained pretrial counsel of choice. A pretrial order disqualifying a criminal defendant's chosen counsel is a final, appealable order subject to immediate appellate review. *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, at syllabus.

**{¶13}** " '[T]he standard of review for determining whether the court erred in its pretrial disqualification of defense counsel is whether it abused its broad discretion.' " *State v. Keenan*, 81 Ohio St.3d 133, 137, 689 N.E.2d 929 (1998), quoting *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 180, 631 N.E.2d 119 (1994). "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Further, in reviewing the trial court's action, an

appellate court must be cognizant of the context within which the ruling is made, and that " '[t]he likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict.' " *Serra v. Michigan Dept. of Corr.*, 4 F.3d 1348, 1354 (6th.Cir.1993), quoting *Wheat v. U.S.*, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

**{¶14}** Ponce cites *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006), in support of his contention that a structural error analysis applies; however, that case has a different procedural posture. In *Gonzalez-Lopez*, the Court examined the effect of an erroneous denial of counsel *after* the case had proceeded to trial. Notably, in that case, the government did not dispute that the trial court erroneously deprived the defendant of his chosen counsel—at issue was the standard of review when the error is determined post-trial. *Id.* at 144-145. The Court determined this constitutes structural error and therefore no showing of prejudice was required for reversal. *Id.* at 150-152. By contrast, the present case involves an interlocutory appeal from the trial court's pretrial order removing defense counsel.

**{¶15}** Turning to the substantive analysis, the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment to the United States Constitution, "the essential aim of the Amendment is to guarantee an effective advocate * * * rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat* at 159. Therefore, "[a] defendant has only a *presumptive* right to employ his own chosen counsel." (Emphasis sic.) *Keenan*, 81 Ohio St.3d at 137. That presumption may be overcome by a showing of an actual or serious potential for conflict. *Id.*, citing *Wheat*.

**{¶16}** In *Keenan*, the Ohio Supreme Court held that a criminal defendant's presumptive right to counsel may be overcome by a showing of an actual or serious potential for conflict. *Keenan* at 137, citing *Wheat*. In *Keenan*, a death penalty case, the trial court disqualified the defendant's retained counsel of choice because counsel had previously represented a co-defendant. *See* former DR 5-505 (superseded by Prof.Cond.R. 1.7).

**{¶17}** The Ohio Supreme Court determined that the trial court did not abuse its

discretion by disqualifying counsel, because regardless of "whether or not an actual conflict of interest existed, there clearly was a potential conflict of interest inherent in Keenan's representation by the same attorneys who had represented [his co-defendant] in litigation stemming from the same set of facts. '[A] possible conflict inheres in almost every instance of multiple representation.' " *Keenan* at 137, quoting *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

**{¶18}** The present case differs from *Keenan* in that the conflict does not stem from dual representation. Rather, the alleged conflict here stems from the potential that defense counsel might be called as a witness to testify at trial. That situation is governed by Prof.Cond.R. 3.7, which provides:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) the disqualification of the lawyer would work substantial hardship on the client.

**{¶19}** "In determining whether an attorney should be disqualified under Prof.Cond.R. 3.7 * * * the trial court must determine if the attorney's testimony is 1) admissible and 2) necessary. * * *." *Ross v. Olsavsky*, 7th Dist. No 09 MA 95, 2010-Ohio-1310, ¶49, (adopting the test in *Brown v. Spectrum Networks, Inc.*, 180 Ohio App.3d 99, 2008-Ohio-6687, 904 N.E.2d 576 (1st Dist.), ¶15.) If it meets both criteria, then the trial court must disqualify counsel unless it determines that one of the Rule 3.7 exceptions applies. *Olsavsky* at ¶49.

**{¶20}** The State asserts that Limbian's testimony was both admissible and necessary and that none of the exceptions apply, and that therefore the trial court's decision to disqualify counsel was reasonable. With regard to admissibility, it is clear as a

matter of law that Limbian's testimony about what Ponce told him would be admissible as non-hearsay. Evid.R. 801(D)(2)(a) ("A statement is not hearsay if: The statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity.")

**{¶21}** Whether Limbian's testimony is "necessary" is more speculative because it depends in large part upon whether the defense will move for admission of the photographs, and whether Ponce himself will be called to testify about them, and if he does, whether Limbian will be needed as a rebuttal witness. Moreover, counsel could stipulate to foundational issues only regarding the pictures, eliminating the need for Ponce and Limbian to testify at all. In any event, the trial court made no finding as to the necessity of Limbian's testimony, leaving a limited record for review purposes.

**{¶22}** In this respect, this case is similar to *State v. Johnson*, 197 Ohio App.3d 631, 2011-Ohio-6809, 968 N.E.2d 541 (6th Dist.). *Johnson* also involved an interlocutory appeal from the trial court's pretrial disqualification of defense counsel. In *Johnson*, counsel met with the child-victim in the case and obtained a written statement from her that contradicted her earlier statements to police and to a children's services agency. The state therefore claimed that defense counsel was an essential witness regarding the issue of the victim's credibility, and asserted that it planned to call counsel as a witness at trial. There was some dispute regarding whether the child's mother was present during defense counsel's questioning of the victim and whether she could therefore testify in lieu of the attorney. The trial court, citing Prof.Cond.R. 3.7, concluded that the mother's absence or presence at the meeting between appellant and the victim was not determinative, rather, the fact that counsel was a potential witness at trial was sufficient to disqualify him from serving as Johnson's trial counsel. *Id.* at ¶3-5.

**{¶23}** The Sixth District concluded this was an abuse of discretion:

> Disqualification of a party's attorney is an extreme measure that should be imposed only when it is absolutely necessary. *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409, ¶ 19. A party's

simple declaration of an intention to call opposing counsel as a witness at trial is insufficient to establish the necessity for disqualification. Id. at ¶ 21. Thus, as the movant in the case before us, the state was required to prove that attorney Gerken was a necessary witness. *Popa Land Co., Ltd. v. Fragnoli,* 9th Dist. No. 08CA0062–M, 2009-Ohio-1299, 2009 WL 735969, ¶ 16. If the evidence that is to be offered by an opposing attorney's testimony "can be elicited through other means, then the attorney is not a necessary witness." *Rock v. Sanislo*, 9th Dist. No. 09CA0031M, 2009-Ohio-6913, 2009 WL 5154889, ¶ 9. In other words, the attorney must be someone who has relevant, necessary information that no other witness can provide. *Popa Land* at ¶ 15. Finally, if the court finds that the testimony of the attorney is necessary, it must then determine whether one of the exceptions in Prof.Cond.R. 3.7 exists. Id. at ¶ 17.

In the present case, the trial court failed to comply with the test set forth in Prof.Cond.R. 3.7(a) by finding that the fact that attorney Gerken was a potential witness was sufficient to satisfy the rule. Accordingly, the common pleas court's decision to disqualify appellant as Johnson's attorney was unreasonable, arbitrary, and unconscionable.

*Johnson* at ¶15-16.

**{¶24}** *Johnson* is similar to this case in that the trial court here also concluded that disqualification was warranted because of the *possibility* that defense counsel would testify, in other words, that he was a potential witness. And like in *Johnson*, the trial court did not expressly conclude that defense counsel was a necessary witness.

**{¶25}** While we would also conclude, like the court in *Johnson*, that the trial court applied an incorrect legal analysis to the disqualification issue, we believe the proper remedy is to reverse and remand for the trial court to apply the correct test, rather than to reverse the judgment outright. *See, e.g, State v. Meisel*, 7th Dist. No. 10 MO 4, 2011-Ohio-6426, ¶41-44 (concluding that trial court applied erroneous legal standard and

reversing and remanding for the trial court to apply the correct legal analysis to the facts of the case).

{¶26} Accordingly, Ponce's sole assignment of error is meritorious in part. The judgment of the trial court is reversed and remanded for the court to apply the correct legal standard to the facts of this case. Namely, the trial court must determine, first, whether defense counsel's testimony is necessary. If it is deemed unnecessary, then disqualification is unwarranted; Ponce should be able to retain his chosen counsel. If it is deemed necessary, then counsel should be disqualified, unless the trial court determines one of the exceptions found in Prof.Cond.R. 3.7(a)(1), (2) or (3) applies.

Waite, P.J., concurs.

Vukovich, J., concurs.