**[Cite as *State v. Guzman*, 2021-Ohio-2168.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

       PLAINTIFF-APPELLEE,

       v.

MICHAEL A. GUZMAN,

       DEFENDANT-APPELLANT.

CASE NO. 13-21-03

O P I N I O N

---

**Appeal from Tiffin-Fostoria Municipal Court**
**Trial Court No. 20 CRB 1005**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  June 28, 2021**

---

APPEARANCES:

    *Kurt A. Dauterman* **for Appellant**

    *Charles R. Hall, Jr.* **for Appellee**

**WILLAMOWSKI, P.J.**

{**¶1**} Defendant-appellant Michael A. Guzman ("Guzman") appeals the judgment of the Tiffin-Fostoria Municipal Court, alleging that the trial court erred in granting the State's motion to disqualify defense counsel, Kurt A. Dauterman ("Dauterman").  For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{**¶2**} On October 21, 2020, Guzman was charged with one count of violating a consent agreement in violation of R.C. 2919.27(A), a misdemeanor of the first degree.  Doc. 1.  The complaint described the alleged incident that gave rise to this charge as follows:

> **On Saturday October 3, 2020 * * *, I Officer L. Elchert responded to * * * a report of harassment.  Upon arrival I spoke with [M.V.] who proceeded to describe an event that had taken place * * * that same morning.  [M.V.] described a dark blue Chevrolet Silverado, similar to the truck that she knows the father of her children Michael A. Guzman to drive, travel west bound past her her home * * * while she was outside of her residence.  [M.V. said] that as she observed the vehicle drive past her home she observed Michael A. Guzman in the driver seat and that he yelled 'F***ing B****' in her direction.  [M.V.] advised that on 8/19/2020 she and Mr. Guzman and their attorneys had entered into a Consent Agreement * * *.  Condition #2 of this agreement states:  Neither party shall abuse, harm, or attempt to harm, threaten, follow, stalk, harass, force sexual relations upon, or commit sexually oriented offenses against the other party.  This agreement was signed by [M.V.], Atty. John Kahler II, Michael Guzman, Atty. Kurt Dauterman, Judge Steve C. Shuff * * *.**

Doc. 1. Dauterman was Guzman's attorney in the process that yielded the consent agreement. Doc. 9, Ex. A. Dauterman continued to represent Guzman after he was charged with violating a consent agreement. Doc. 2.

{¶3} On January 22, 2021, the State filed a motion to disqualify Dauterman, claiming that he was a necessary witness in this proceeding. Doc. 22. The trial court held a hearing on this motion on January 26, 2021. Tr. 1. The State asserted that, under the Ohio Supreme Court's decision in *State v. Smith*, it was required to prove that the defendant had been served with the consent agreement in order to establish a violation of R.C. 2919.27(A). Tr. 4. *See* Doc. 22, citing *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, 989 N.E.2d 972 (affected by subsequent legislative action in R.C. 2919.27(D)).

{¶4} The State presented the trial court with a certified copy of the docket for the case in which the consent agreement had been issued. Doc. 22, Ex. A. An entry in this docket stated that the consent agreement was "mailed to Aty Dauterman with copy for Michael [Guzman.]" Doc. 22, Ex. A. The State then argued that "[t]he only person who has knowledge of whether or not that * * * Consent Entry was given" to Guzman was Dauterman. Tr. 6. The State further argued that, in this case, Dauterman could not serve as a witness and as defense counsel. Tr. 9. For these reasons, the State requested that the trial court "disqualify Dauterman as a necessary witness in the case at bar." Doc. 22.

{¶5} On February 5, 2021, the trial court found that Dauterman's "testimony regarding service is necessary to the state's prosecution in this matter" and "that the individual roles of an advocate and a witness are unavoidably conflicting." Doc. 28. As such, the trial court granted the State's motion to disqualify Dauterman. Doc. 26, 28. Guzman then filed his notice of appeal on February 22, 2021. Doc. 37. On appeal, Guzman raises the following assignments of error:

**First Assignment of Error**

**Disqualification was not proper when the defense attorney testimony sought is not admissible and unnecessary.**

**Second Assignment of Error**

**Defense counsel disqualification is not proper because state failure to perform their own obligation to serve Defendant under ORC 3113.31(F) for any prosecution of ORC 2919.27 does not create necessity for Defense Counsel to testify against their client contrary to Prof.Cond.R. 1.6 and ORC 2317.02(A).**

*First Assignment of Error*

{¶6} Guzman argues that Dauterman should not have been disqualified because his testimony was not admissible or necessary.[1]

---

[1] While not designated as an assignment of error, appellant argues that the State is precluded from prosecuting the violation of the consent entry in this case. The State also dedicates a substantial portion of its brief advancing counterarguments on this point. However, this issue was not decided by the trial court, and this matter is not properly before us nor decided by us on this appeal of a pretrial order.

Legal Standard

**{¶7}** "Disqualification of an attorney is a drastic measure which should not be imposed unless it is absolutely necessary." *City of Youngstown v. Joenub, Inc.*, 7th Dist. Mahoning No. 01 CA 01, 2001-Ohio-3401, ¶ 15.

> **'In determining whether an attorney should be disqualified under Prof.Cond.R. 3.7 * * * the trial court must determine if the attorney's testimony is [1] admissible and [2] necessary.' [3] If it meets both criteria, then the trial court must disqualify counsel unless it determines that one of the Rule 3.7 exceptions applies.**

(Citations omitted). *State v. Ponce*, 2012-Ohio-4572, 977 N.E.2d 1062, ¶ 23 (7th Dist.), quoting *Ross v. Olsavsky*, 7th Dist. Mahoning No. 09 MA 95, 2010-Ohio-1310, ¶ 49.

**{¶8}** First, to determine admissibility, courts examine the contents of the attorney's testimony under the Ohio Rules of Evidence. *See Ponce* at ¶ 20. Second, as to necessity, "[a] party's simple declaration of an intention to call opposing counsel as a witness at trial is insufficient to establish the necessity for disqualification." *Ponce* at ¶ 23, quoting *State v. Johnson*, 197 Ohio App.3d 631, 2011-Ohio-6809, 968 N.E.2d 541, ¶ 15 (6th Dist.). Rather,

> **the state [is] required to prove that [the] attorney * * * [is] a necessary witness. *Popa Land Co., Ltd. v. Fragnoli*, 9th Dist. [Medina] No. 08CA0062-M, 2009-Ohio-1299, 2009 WL 735969, ¶ 16. If the evidence that is to be offered by an opposing attorney's testimony 'can be elicited through other means, then the attorney is not a necessary witness.' *Rock v. Sanislo*, 9th Dist. [Medina] No. 09CA0031-M, 2009-Ohio-6913, 2009 WL 5154889, ¶ 9. In other words, the attorney must be someone who has relevant, necessary information that no other witness can provide. *Popa Land* at ¶ 15.**

*Ponce* at ¶ 23 quoting *Johnson* at ¶ 15 (6th Dist.).

{¶9} Third, if the testimony is admissible and necessary, "then counsel should be disqualified, unless the trial court determines one of the exceptions found in Prof.Cond.R. 3.7(a)(1), (2) or (3) applies." *Ponce, supra*, at ¶ 26. Prof.Cond.R. 3.7(a) states:

> **(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:**
>
> **(1) the testimony relates to an uncontested issue;**
>
> **(2) the testimony relates to the nature and value of legal services rendered in the case;**
>
> **(3) the disqualification of the lawyer would work substantial hardship on the client.**

Prof.Cond.R. 3.7(a). *See* Prof.Cond.R. 3.7(a)(3) at Comment 4.

Legal Analysis

{¶10} In this case, the State relied on the Ohio Supreme Court's decision in *State v. Smith* to argue that Dauterman's testimony was necessary. Tr. 4-5. *Smith, supra*, at the syllabus. In *State v. Smith*, the Ohio Supreme Court held that

> **[t]o sustain a conviction for a violation of a protection order pursuant to R.C. 2919.27(A)(2), the state must establish, beyond a reasonable doubt, that it served the defendant with the order before the alleged violation.**

*Id*. In its judgment entry, the trial court relied on *Smith* and stated the following:

> **[I]n order to obtain a conviction in this case, the state must prove, beyond a reasonable doubt that the defendant was served with a copy of the protection order he allegedly violated prior to October 3, 2020, the date on which he allegedly engaged in conduct that violated the order.**

Doc. 28, citing *Smith* at ¶ 28. Since Dauterman was the only person who knew whether Guzman had been served with the consent agreement, the trial court concluded that Dauterman's "testimony regarding service is necessary to the state's prosecution of this matter." Doc. 28.

{**¶11**} However, in 2017, the General Assembly amended R.C. 2919.27 and added the following provision:

> **(D) In a prosecution for a violation of this section, it is not necessary for the prosecution to prove that the protection order or consent agreement was served on the defendant if the prosecution proves that [1] *the defendant was shown the protection order or consent agreement or a copy of either* or [2] a judge, magistrate, or law enforcement officer informed the defendant that a protection order or consent agreement had been issued, and proves that the defendant recklessly violated the terms of the order or agreement.**

(Emphasis added.) R.C. 2919.27(D). *See State v. Tolle*, 4th Dist. Adams No. 19CA1095, 2020-Ohio-935, ¶ 27; *State v. Lay*, 2021-Ohio-892, --- N.E.3d ---, ¶ 11 (12th Dist.).

{**¶12**} R.C. 2919.27(D) provides the State with two alternatives to establishing that the defendant was served with the protection order or consent agreement. *State v. Doss*, 2d Dist. Champaign No. 2018-CA-41, 2019-Ohio-2247, ¶ 13; *State v. Wilson*, 6th Dist. Lucas No. L-20-1050, 2021-Ohio-1444, ¶ 8 (holding

that the State must establish "either service of the order or constructive notice as provided in R.C. 2919.27(D)"), citing R.C. 3113.31(F)(1); *State v. Kidd*, 8th Dist. Cuyahoga No. 109126, 2020-Ohio-4994, ¶ 44 (holding that "[t]he lack of perfected service of the protection order" does not necessarily "preclude prosecution for a violation of R.C. 2919.27(A)").

{¶13} We note that, in this case, the Defense filed a copy of the consent agreement that was issued on August 20, 2020. Doc. 9, Ex. A. Doc. 17, Ex. A. Guzman appears to have signed the consent agreement that he was alleged to have violated. Doc. 9, Ex. A. Doc. 17, Ex. A. Yet the trial court does not appear to have considered whether Guzman had been "shown * * * the consent agreement." R.C. 2919.27(D). In fact, no mention was made of R.C. 2919.27(D) in these proceedings.

{¶14} The State, the Defense, and the trial court appear to have operated on the assumption that the prosecution had no alternative but to prove that Guzman had been served with the consent agreement. *See* Doc. 22, 28. Tr. 5. The trial court appears not to have considered the two alternatives to proving service of the consent agreement in R.C. 2919.27(D) in the process of determining whether Dauterman was a necessary witness. If the State can establish one of the two alternatives in R.C. 2919.27(D) without Dauterman's testimony, then the analysis that led the trial court to grant the State's motion to disqualify could change dramatically.

{¶15} Given that the decision to disqualify an attorney is "a drastic measure which should not be imposed unless it is absolutely necessary," we reverse the

decision to grant the State's motion to disqualify and remand this case to give the trial court the opportunity to consider the facts of this case under R.C. 2919.27(D). *Joenub, supra*, at ¶ 15. As such, Guzman's first assignment of error is sustained.

*Second Assignment of Error*

{¶16} Guzman raises another argument that asserts the trial court erred in granting the State's motion to disqualify. However, we have already reversed the trial court's decision to grant the State's motion to disqualify because we found merit in the arguments raised in his first assignment of error. As such, the issues raised by Guzman in his second assignment of error are premature and are not properly before us at this time. Having been rendered moot by our resolution of his first assignment of error, we decline to address the issues in Guzman's second assignment of error pursuant to App.R. 12(A)(1)(c).

*Conclusion*

{¶17} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Tiffin-Fostoria Municipal Court is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.

***Judgment Reversed***
***And Cause Remanded***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**