[Cite as *State v. Verbanac*, 2022-Ohio-3743.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :

                          No. 111427

    v.                              :

BRUNO J. VERBANAC,                      :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** October 20, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652208-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Katherine Mullin, Assistant Prosecuting
Attorney, *for appellee.*

Patituce & Associates, L.L.C., Megan M. Patituce, and
Joseph C. Patituce, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Bruno J. Verbanac ("Verbanac") brings this interlocutory appeal challenging the trial court's order compelling his former attorney, Michael J. Goldberg ("Goldberg"), to testify as a witness for appellee state of Ohio ("state")

during Verbanac's trial. After a thorough review of the facts and law, we vacate the order compelling Goldberg's testimony and remand for the trial court to issue a new order consistent with this opinion.

## I. Facts and Procedural History

{¶ 2} On August 10, 2020, in Cuyahoga C.P. No. CR-20-652208, a Cuyahoga County Grand Jury returned an eight-count indictment, charging Verbanac with attempted rape, two counts of kidnapping, two counts of gross sexual imposition, two counts of public indecency, and importuning. Goldberg filed a notice of appearance indicating that he was representing Verbanac in the case. All of the charges pertain to a single victim, M.M., whose date of birth is June 9, 2004.

{¶ 3} The record before us indicates that Verbanac met with Goldberg on August 12, 2020, at Goldberg's office. Verbanac and Goldberg had a one-on-one conversation about Verbanac's pending charges, and then Verbanac invited his then-fiancée, L.M. into the room. At the time, M.M.'s mother, L.M. was in a relationship with Verbanac and allegedly planned to support Verbanac through the charges filed against him.

{¶ 4} During a later pretrial with the court, Goldberg expressed concerns regarding L.M.'s potential trial testimony, citing the three-way meeting that he had with Verbanac and L.M. on August 12, 2020, as the source of his concern. To properly address the concern, the trial court ordered the parties to brief the issue.

{¶ 5} Verbanac timely filed a motion in limine seeking to limit L.M.'s testimony, arguing that the three-way conversation between Goldberg, Verbanac,

and L.M. on August 12, 2020, was protected by the attorney-client privilege. In support of this contention, Verbanac noted that at the time of the meeting, L.M. was Verbanac's fiancée and was present for the purposes of providing support to Verbanac. She had represented to Goldberg that she intended to remain engaged to Verbanac despite the fact that her minor child was the alleged victim of Verbanac's charges. Finally, Verbanac alleged that L.M. was also seeking Goldberg's counsel for matters relating to her shared child[1] with Verbanac and was thus a potential client of Goldberg's as well.

{¶ 6} The state opposed the motion in limine arguing that L.M. was a third-party to the conversation and that the attorney-client privilege did not extend to situations where third parties are present. The state also noted that L.M. could not have been a prospective client because her interests would have been adverse to Verbanac's due to their shared child and the nature of the pending charges.

{¶ 7} The court denied Verbanac's motion in limine. In the journal entry denying the motion, the court reasoned:

> The Supreme Court of Ohio has held that "R.C. 2317.02(A) provides the exclusive means by which privileged communications directly between an attorney and a client can be waived." *State v. McDermott*, 72 Ohio St.3d 570, 574, 651 N.E.2d 985 (1995). R.C. 2317.02 provides:
>
> The following persons shall not testify in certain respects:
>
> (A)(1) An attorney, concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is

---

[1] Verbanac is not the father of M.M. However, L.M. and Verbanac do share a child, M.V., who was five years old in 2021.

deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client.

However, if the client voluntarily reveals the substance of attorney-client communications in a nonprivileged context or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject.

Generally, communications made in the presence of a third party who is not an agent of either the client or attorney are not privileged. *See Foley v. Poschke*, 137 Ohio St. 593, 595, 31 117842898 _ I N.E.2d 845 (1941). A client's voluntary disclosure of confidential communications is inconsistent with the assertion of privilege; thus, voluntary disclosure of privileged communications to a third party waives the claim of privilege with regard to communications on the same subject matter. *See v. Haugh*, 8th Dist. Cuyahoga No. 101380, 2014-Ohio-5290, ¶ 24. The attorney-client privilege does not prevent a third person who has overheard a conversation between a lawyer and her client, or who has been told about privileged matters, from testifying or being compelled to testify. *State v. Whitaker*, 1998 Ohio App. LEXIS 3838, 6 (12th Dist. 1998), *see generally McDermott*, *supra*.

The court finds defendant's arguments unpersuasive. The record does not establish that [L.M.] attended the meeting for the purpose of potentially forming an attorney-client relationship. Although she was then the fiancée of defendant, she is also the mother of the alleged victim. Even if [L.M.] attended the meeting to encourage and support defendant, she is a third party, who overheard and participated in communications between defendant and counsel, who may lawfully testify, or be compelled to testify, about the conversation she overheard and participated in. Furthermore, there is no evidence that [L.M.] attended the meeting for the secret purpose of learning what defendant would reveal to his counsel. In fact, she attended the meeting at defendant's invitation. Thus, defendant waived his claim of attorney-client privilege as to the discussions with his counsel in [L.M.'s] presence when he invited her, a third party who is not an agent of either defendant or his counsel, to the meeting and voluntarily disclosed confidential communications. R.C. 2317.02(A)(1).

Therefore, for the foregoing reasons, defendant's motion in limine to limit testimony of [L.M.] is hereby denied.

{¶ 8} Soon thereafter, attorney Hayden Capace ("Capace") moved for substitution of counsel, notifying the court that he was replacing Goldberg in the representation of Verbanac. Discovery continued, and a trial date was set for April 4, 2022.

{¶ 9} Prior to trial, the state subpoenaed Goldberg, seeking his testimony at trial. On April 4, 2022, the date that trial was to commence, the state requested that the trial court determine what matters Goldberg could testify to. The state explained:

> [STATE]: Your Honor, if you recall, there was an issue — and the reason why Mr. Capace was retained was because Mr. Goldberg had [L.M.] in a meeting — I'm sorry. The defendant had [L.M.] in a meeting with Mr. Goldberg.
>
> THE COURT: Yes.
>
> [STATE]: And so the argument is that the privilege was waived, your Honor. So I would be calling Mr. Goldberg in to testify about that limited meeting and what was discussed at that meeting.

{¶ 10} The court then addressed another evidentiary matter and adjourned for the morning. Upon returning in the afternoon, the issue of Goldberg's testimony was again discussed.

> [CAPACE]: * * * After talking with Mr. Goldberg, [Verbanac's] former attorney, it seems as the though Court is — or the prosecution is going to be asking him to reveal information pertinent to his representation.
>    We feel as though that's in violation of Rule 1.6 of the Professional Code of Conduct. Mr. Goldberg agrees with me. He's consulted his own attorney on the matter. And we are all in agreement that he should not be forced to testify against his former client and statements made between the two of them.
>    If [L.M.] wants to testify to what she heard in there, well, that's fine by us because she's not beholden to 1.6.

The only way to have him testify would be, for instance, to prevent future harm or future crime. I don't think those are applicable. Or if you as a judge[,] court order it.

And so if you would like to, your Honor, you're more than welcome to order it, but that's in your discretion.

THE COURT: Thank you. * * *

[THE STATE]: Yes, your Honor. I currently have our appellate unit doing research on this very issue, but we would be asking this Court to order Mr. Goldberg to testify as you have already made the ruling that there was the waiver of the attorney-client privilege in this meeting based upon having [L.M.] in the meeting. And you had ruled on that earlier in the motions in limine, your Honor.

THE COURT: Yes. May I issue such an order verbally or must it be reduced to writing?

[THE STATE]: That I'm not sure, your Honor. I have to check with our appellate unit.

[CAPACE]: Your Honor, I do just want to point out in Rule 1.6 — I'm going to read it very quickly.

THE COURT: Please do.

[CAPACE]: A lawyer shall not reveal information relating to the representation of a client including information protected by the attorney-client privilege under the applicable law.

That to me indicates that it is not just privileged information that is protected. It's all information or at least more information than just protected information.

* * *

THE COURT: Back on the record, please. It's the Court's intention to instruct Mr. Goldberg when he appears before the Court that consistent with the Court's earlier ruling and Rule 1.6 of the Ohio Rules of Professional Conduct and for good cause shown, Attorney Goldberg is — will hereby be ordered to testify in this case to any statements made in his presence at the meeting in his office on August 12, 2020, by any person.

The defense objection is noted and overruled.

{¶ 11} Capace requested an opportunity to commence an interlocutory appeal against that ruling, which the trial court allowed. Trial did not go forward, and the trial court issued a journal entry from which Verbanac now appeals. The journal entry reads, in pertinent part:

> Consistent with the court's earlier rulings and O. Rules Prof. Cond. 1.6, and for good cause shown, Atty. Michael Goldberg is hereby ordered to testify in this case as to any statements made in his presence at the meeting in his office on August 12, 2020 by any person, including his client.
>
> This is a final appealable order.
>
> Defendant is hereby granted seven days leave, that is, by April 11, 2022, to file an interlocutory appeal.

{¶ 12} The instant appeal followed. Verbanac assigns a single error for our review.

> The trial court erred in issuing an order compelling Attorney Goldberg to testify regarding communications with his client.

## II. Law and Analysis

### A. Jurisdiction

{¶ 13} Before proceeding to the merits of this matter, we must first address whether the trial court's order compelling Goldberg to testify is a final, appealable order. The state raised and addressed the issue of jurisdiction in their brief, and sua sponte, this court ordered Verbanac to brief the issue of jurisdiction.

{¶ 14} Appellate courts are vested with jurisdiction to "review and affirm, modify, or reverse judgments or final orders of the courts inferior * * *." Ohio Constitution, Article IV, Section 3(B)(2). "If an order is not final and appealable,

then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, #93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6.

{¶ 15} Despite the trial court's journal entry plainly stating that it is a final, appealable order, we note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). We therefore examine the effect of the order to determine if this is a final, appealable order.

{¶ 16} A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to * * * discovery of privileged matter." R.C. 2505.02(A)(3). Under R.C. 2505.02(B)(4), an order that grants or denies a provisional remedy is a final, appealable order if: (a) "[t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and (b) "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 17} We find that R.C. 2505.02(B)(4)(a) is satisfied because the trial court's order unequivocally compels Goldberg to testify, which constitutes a final determination by the trial court as to whether Goldberg's testimony is protected by privilege.

{¶ 18} R.C. 2505.02(B)(4)(b) is also satisfied. The attorney-client privilege plainly falls within the purview of the "privileged matter" that R.C. 2505.02(A)(3)(b) contemplates. Without belaboring the point, *"[p]rivilege is the cornerstone upon which the attorney-client relationship is founded."* (Emphasis added.) *H & D Steel Serv., Inc. v. Weston, Hurd, Fallon, Paisley & Howley*, 8th Dist. Cuyahoga No. 72758, 1998 Ohio App. LEXIS 3422, 6 (July 23, 1998). Further, the testimonial attorney-client privilege is codified in R.C. 2317.02(A) in a section titled "[p]rivileged communications."

{¶ 19} Even though we are satisfied that R.C. 2505.02(B)(4) properly affords this court jurisdiction to hear this matter, we are also persuaded by existing caselaw. In *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, the Ohio Supreme Court unequivocally fashioned a bright-line rule that "[a]n order compelling the production of materials alleged to be protected by the attorney-client privilege is a final, appealable order under R.C. 2505.02(B)(4)." *Id.* at ¶ 30. The state argues that the instant matter is distinguishable because *Burnham* explicitly applies to the "production of materials" and not "compelled testimony." We disagree. The Ohio Supreme Court reasoned that "[p]rejudice would be inherent in violating the confidentiality guaranteed by the attorney-client privilege, and therefore, an appeal after final judgment would not provide an adequate remedy." *Id.*; *see also Summit Park Apts., LLC v. Great Lakes Reinsurance (UK), PLC*, 2016-Ohio-1514, 49 N.E.3d 363, ¶ 11 (10th Dist.); *Amer Cunningham Co., L.P.A. v. Cardiothoracic & Vascular Surgery of Akron*, 9th Dist. Summit No. 20899, 2002-

Ohio-3986, ¶ 11. The same concern exists here. Goldberg's testimony regarding matters protected by the attorney-client privilege cannot be retracted or withdrawn in a meaningful way at the close of the case.

{¶ 20} *Burnham* also requires that an order raise a colorable claim that the attorney-client privilege is implicated. *Burnham* at ¶ 29. In the instant matter, the trial court issued an order requiring Goldberg to testify as a witness for the state against his former client, Verbanac, as to "any statements made in his presence at the meeting in his office on August 12, 2020 by any person, including his client." This order does not properly distinguish the meeting where just Verbanac and Goldberg met from the meeting between Goldberg, Verbanac, and L.M. The trial court, in ruling on Verbanac's motion in limine, already determined that the latter meeting constituted a waiver of the attorney-client privilege, and the ruling on the motion in limine is not before us in this appeal. However, there is nothing in the record before us indicating that the attorney-client privilege was waived with respect to the conversation between just Goldberg and Verbanac. Because the order compelling Goldberg does not properly distinguish between these two meetings, both occurring on August 12, 2020, a potential violation of the attorney-client privilege is implicated inasmuch as it compels testimony from an attorney pertaining to conversations between the attorney and his client.

{¶ 21} We therefore conclude that the trial court's April 4, 2022 journal entry ordering Goldberg to testify constituted a final, appealable order.

## B. The Attorney-Client Privilege

{¶ 22} "'The attorney-client privilege is one of the oldest recognized privileges for confidential communications.'" *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 16, quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998). The attorney-client privilege encourages full and frank communication between attorneys and their clients in recognition of the fact that sound legal advice and advocacy depends upon the lawyer being fully informed by their client. *Id.*, citing *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *Cargotec, Inc. v. Westchester Fire Ins. Co.*, 155 Ohio App.3d 653, 2003-Ohio-7257, 802 N.E.2d 732, ¶ 7 (6th Dist.). Ordinarily, whether information is confidential or privileged from disclosure is a question of law that must be reviewed de novo. *Med. Mut. of Ohio v. Schlotterer,* 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13, citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346, 604 N.E.2d 808 (2d Dist.1992).

{¶ 23} In the instant matter, Verbanac asks us to review the order compelling Goldberg to testify. Orders compelling testimony are reviewed for an abuse of discretion. *Ohio Motor Vehicle Dealers Bd. v. Remlinger*, 8 Ohio St.3d 26, 27, 457 N.E.2d 309 (1983). A trial court abuses its discretion only if its decision is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco v. S. Euclid*, 144

Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 24} R.C. 2317.02(A)(1) codifies the attorney-client privilege as it relates to testimony, stating that

[t]he following persons shall not testify in certain respects:

An attorney, concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client, except that the attorney may testify by express consent of the client * * *.

However, if the client voluntarily reveals the substance of attorney-client communications in a nonprivileged context * * *, the attorney may be compelled to testify on the same subject.

{¶ 25} R.C. 2317.02(A) provides "the exclusive means by which privileged communications directly between an attorney and a client can be waived." *State v. McDermott*, 72 Ohio St.3d 570, 574, 651 N.E.2d 985 (1995). However, at the time *McDermott* was decided, R.C. 2317.02(A)(1) used the verbiage "if the client voluntarily testifies." The text was amended in 2012 via H.B. No. 461 to the current iteration, which replaces "if the client voluntarily testifies" with "if the client voluntarily reveals the substance of attorney-client communications in a nonprivileged context." 2011 Am.Sub.H.B. No. 461. In 2006, the Supreme Court reaffirmed *McDermott's* holding, declining to add a judicially created waiver of the attorney-client privilege and maintained that the statute dictates the only situations where waiver applies. *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487, ¶ 12.

{¶ 26} Recognizing that the Ohio Supreme Court is reluctant to extend waivers of the attorney-client privilege beyond those delineated by the General Assembly, we find, consistent with *McDermott*, that the two exclusive means by which privileged communications can be waived are (1) express consent of the client; and (2) when the client voluntarily reveals the substance of the attorney-client communications in a nonprivileged context. R.C. 2317.02(A)(1).

### C. August 12, 2020 Conversations

{¶ 27} We first address Goldberg's contention that the trial court erred in ordering him to testify as to the contents of the conversation between Goldberg, Verbanac, and L.M. on August 12, 2020. In response to Goldberg's motion in limine, the trial court determined that Verbanac voluntarily waived the attorney-client privilege in allowing L.M., a third party, to participate in a conversation between Verbanac and Goldberg, his attorney. Verbanac argues that even though the attorney-client privilege was waived for this particular conversation, Goldberg should not be compelled to testify.

{¶ 28} Verbanac directs us to two cases where our sister districts found that an attorney's testimony is not necessary if it can be elicited through other means. *State v. Ponce*, 2012-Ohio-4572, 977 N.E.2d 1062, ¶ 23 (7th Dist.); *Rock v. Sanislo*, 9th Dist. Medina No. 09CA0031-M, 2009-Ohio-6913, ¶ 9. Particularly, Verbanac relies on the statement of law that "[i]f the evidence that is to be offered by an opposing attorney's testimony 'can be elicited through other means, then the attorney is not a necessary witness.'" *Ponce* at ¶ 23, quoting *State v. Johnson*, 197

Ohio App.3d 631, 2011-Ohio-6809, 968 N.E.2d 541, ¶ 15 (6th Dist.), citing *Sanislo* at ¶ 9.

{¶ 29} Under these cases, Verbanac argues that Goldberg need not testify because L.M. is already going to testify as to the contents of the three-way conversation and Goldberg is therefore not a necessary witness because his testimony will not differ from L.M.'s testimony. However, this proposition of law applies in the narrow context where an attorney is facing disqualification because the attorney is a necessary witness to a case. Because disqualification is typically disfavored, courts will attempt to avoid the situation by weighing whether the necessary information that the attorney knows can be obtained from a different witness. *See Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409, ¶ 19 (9th Dist.); *Sanislo* at *id.* We find this situation wholly inapplicable to the instant matter and decline to extend this line of cases to situations where attorneys are compelled to testify outside of the context of disqualification cases.

{¶ 30} Verbanac also argues that Goldberg cannot be compelled to testify as to the contents of the three-way conservation because his testimony may include statements by Verbanac and L.M. that constitute inadmissible hearsay. This argument is premature and not properly before us. Furthermore, we note that the admission or exclusion of evidence, including whether it is inadmissible hearsay, is left to the broad discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987); *State v. Smith*, 34 Ohio App.3d 180, 190, 517 N.E.2d 933

(5th Dist.1986).  To the extent this issue exists, the trial court is competent to make such rulings at trial.

{¶ 31} R.C. 2317.02(A)(1) clearly states that "if the client voluntarily reveals the substance of attorney-client communications in a nonprivileged context * * *, the attorney may be compelled to testify on the same subject."  Verbanac does not dispute the trial court's holding that the conversation between Goldberg, Verbanac, and L.M. squarely constituted a voluntary waiver of the attorney-client privilege with respect to that conversation *only*.  R.C. 2317.02(A)(1) plainly contemplates that where the privilege is waived, the attorney "may be compelled to testify."  Verbanac has not cited any authority to the contrary.  We therefore find that the trial court did not err in compelling Goldberg to testify regarding the contents of the conversation between Goldberg, Verbanac, and L.M. on August 12, 2020, where the trial court already determined that the attorney-client privilege was waived.

{¶ 32} Applying the above analysis, Goldberg may *not* be compelled to testify as to the contents of the conversation between himself and Verbanac, unless one of the two waivers in R.C. 2317.02(A)(1) applies.  The record before us does not contain any evidence indicating that Verbanac gave express consent to waive the attorney-client privilege or voluntarily revealed the substance of his one-on-one communications with Goldberg on August 12, 2020.  Further, the state suggests that it did not intend to question Goldberg on any conversations occurring solely between Goldberg and Verbanac.  Nonetheless, the trial court's order compels Goldberg to testify as to "any statement" by "any person," occurring on August 12,

2020, and this is error because it includes the conversation between Goldberg and Verbanac where the record does not indicate that the attorney-client privilege was waived.

## D. Prof.Cond.R. 1.6

{¶ 33} Finally, we address Goldberg's contention that his compelled testimony will cause him to violate Prof.Cond.R. 1.6, which reads, in pertinent part:

> A lawyer shall not reveal information relating to the representation of a client, including information protected by the attorney-client privilege under applicable law, unless the client gives informed consent or the disclosure is permitted by division (b) or required by division (d) of this rule.

{¶ 34} Prof.Cond.R. 1.6(b)(6) authorizes an attorney to reveal information relating to their representation of a client, "including information protected by the attorney-client privilege" to the extent the lawyer reasonably believes necessary "to comply with other law or a court order." Comment 3 to Prof.Cond.R. 1.6 suggests that "[t]he rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law." *Disciplinary Counsel v. Shimko*, 157 Ohio St.3d 58, 2019-Ohio-2881, 131 N.E.3d 52, ¶ 36.

{¶ 35} Verbanac invites us to consider that Prof.Cond.R. 1.6(b)(6) uses the term *may* in suggesting that "an attorney *may* reveal information * * * if complying with a court order." (Emphasis added.) Verbanac argues that the use of "may" leaves the discretion with the attorney rather than the court. However, Verbanac does not point to any case law or sources of authority that support this notion, and therefore, we decline to address it.

**{¶ 36}** We are unpersuaded by Verbanac's arguments pertaining to Prof.Cond.R. 1.6. Goldberg's testimony is compelled by court order, which is permissible under Prof.Cond.R. 1.6(b)(6).

### III. Conclusion

**{¶ 37}** We find that the trial court erred to the extent that the order compelling Goldberg's testimony was overly broad and did not specifically limit Goldberg's testimony to the particular conversation where the attorney-client privilege had been waived.

**{¶ 38}** We therefore vacate the order compelling Goldberg to testify with instructions to issue a new order consistent with this decision.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR